**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| JANE DOE 3,<br>Plaintiff,<br><br>v.<br><br>DAVID MCKNIGHT,<br>Defendant. | ) | Case No. 1:26-cv-0035<br>JURY TRIAL DEMANDED |

**COMPLAINT**

1. David McKnight was an employee of the Missouri Highway Patrol. His job was to ensure the safety of our roadways. Instead, he looked for women and pulled them over. Under the guise of needing to review insurance information, he would take their phones to his patrol vehicle and search for private and intimate content, which he would then photograph and store on his own phone. Mr. McKnight did this to Plaintiff Jane Doe 3 ("Doe").

2. Plaintiff brings this action under 42 U.S.C. §1983, seeking compensatory damages and punitive damages against Defendant for violating her constitutional rights while acting under color of state law, together with reasonable attorney's fees and costs under 42 U.S.C. § 1988. Plaintiff also brings a claim under Missouri law for invasion of privacy.

**PARTIES**

3. Plaintiff Jane Doe 3 is a Missouri resident. She was 22 years old at the time of the incident described herein.

4. Defendant David McKnight is a citizen of Missouri. He is being sued in his individual capacity.

## JURISDICTION AND VENUE

5. Jurisdiction of the Court is properly invoked pursuant to 28 U.S.C. §1331 and §1343(a)(3) and (4) and the aforementioned statutory provisions.

6. Plaintiff's claim for attorney's fees and costs is authorized by 42 U.S.C. §1988.

7. Venue is proper pursuant to 28 U.S.C. §1391(b)(2). The actions alleged herein occurred in New Madrid County in the Eastern District of Missouri.

## FACTS

8. On October 26, 2023, Jane Doe was involved in minor automobile accident.

9. Defendant, in his capacity as a law enforcement officer, responded to the accident and asked Doe for her proof of insurance.

10. Defendant took her mobile phone back to his Highway Patrol vehicle under the auspices of confirming her insurance.

11. Defendant searched her phone for images that would provide Defendant with sexual gratification.

12. Defendant found nude photographs of Doe that Doe had taken to share only with her partner (now her husband). Defendant also located nude images of Doe, and her partner engaged in sexual acts (images meant only for the young couple).

13. Defendant used his mobile device to take photographs of these images.

14. Doe learned that she was a victim of Defendant McKnight when Highway Patrol officers came to her work and showed her a picture of her engaged in a sex act with her partner.

15. Doe lives every day worried about where her photographs are and who will see them.

16. Doe is now terrified of police and panics during any interaction with officers.

## COUNT 1: VIOLATION OF THE FOURTH AMENDMENT

17. Plaintiff restates all prior allegations.

18. Defendant acted under color of state law, violated Doe's clearly established and well-settled federal civil rights to be free from unreasonable search and seizure of her iPhone and digital content located thereon.

19. The defendant acted willfully, that is, the defendant committed such act or acts with a bad purpose or improper motive to disobey or disregard the law, specifically intending to deprive the person of that right.

20. Defendant knew that to legally seize Doe's iPhone, a warrant was required.

21. Defendant's search, his viewing of the intimate photographs, and his dissemination of the photographs, without first obtaining a search warrant were intentional and/or malicious acts in reckless disregard for Doe's reasonable expectation that the digital information on her would be private.

22. The foregoing actions were objectively unreasonable and in violation of 42 U.S.C. § 1983.

20. As a direct and proximate result of Defendant's actions, Doe has been humiliated and suffered great emotional distress.

## COUNT 2: INTRUSION UPON SECLUSION

*Violation of the Missouri-recognized right to privacy.*

21. Doe restates all prior allegations.

22. Doe now brings this claim to address the Defendant's unlawful intrusion into her private life.

23. Doe's right to privacy is protected by the common law of Missouri.

24. Doe had the right to keep intimate images on her phone private.

25. Doe had a reasonable expectation of privacy in the intimate images stored on her phone.

26. Doe was cooperative with the defendant trooper in his capacity as a law enforcement officer.

27. Defendant took advantage of his position of authority to violate the privacy of Doe by looking for and capturing intimate images on the phone of the Plaintiff and sending the photos to himself without her permission or knowledge. The images were not knowingly exposed.

28. This violation would be highly offensive to the reasonable person.

29. Defendant carried out these acts wantonly, needlessly, and with a reckless indifference to Doe's rights.

30. Moreover, the violation resulted in mental anguish and distress to Doe.

WHEREFORE, Plaintiff prays for a Judgment against Defendant for pain and suffering, for emotional harm, for medical costs incurred and to be incurred, and other compensatory damages in an amount to be determined at trial, punitive damages in an amount to be determined at trial, attorney's fees, costs and disbursements pursuant to law, and such other and further relief as the Court deems just and proper.

Respectfully submitted,

**KHAZAELI WYRSCH, LLC**

/s/ Brendan D. Roediger
Brendan D. Roediger MO60585
Susan McGraugh MO37430
James R. Wyrsch MO53197
Javad M. Khazaeli MO53735
John M. Waldron, MO70401
911 Washington Avenue, Suite 211
Saint Louis, MO 63101

(314) 288-0777
(314) 400-7701 (fax)
Brendan.roediger@kwlawstl.com
Susan.mcgraugh@kwlawstl.com
James.wyrsch@kwlawstl.com
Javad.khazaeli@kwlawstl.com
Jack.waldron@kwlawstl.com

**EDMUNDSON & HOLT, LLC**
Attorneys and Counselors at Law

/s/Sarah K. Holt
Sarah K. Holt - #67769
201 North Main Street
Poplar Bluff, Missouri 63901
Phone # 573/785-0127
Fax # 573/785-0227
sarah@edmundsonlawfirm.com

***Attorneys for Jane Doe 3***